Frank S. Delp v. Commissioner.
Delp v. Commissioner
Docket No. 110120.
United States Tax Court
1943 Tax Ct. Memo LEXIS 305; 2 T.C.M. (CCH) 44; T.C.M. (RIA) 43227; May 12, 1943
*305 Walter M. McVay, Esq., 3222 Grant Bldg., Pittsburgh, Pa., for the petitioner. W. J. McFarland, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: The respondent determined deficiencies in income tax for the years 1938 and 1939 in the respective amounts of $163.64 and $576.71. Two errors were originally alleged: (1) the increase of petitioner's net income for 1938 in the amount of $1,977.46 and for 1939 in the amount of $283.18, due to shortterm capital gain; and (2) the computation of petitioner's income from a partnership on a basis of a one-fifth interest instead of a one-sixth interest. Part of the facts were stipulated and the stipulation is of record in the case. On brief petitioner makes no argument in support of the first issue stated above and we deem it to be abandoned. The only matter argued by the petitioner is the question of the partnership interest which may otherwise be stated to be: Was Charles Delp a member of the partnership of S. Delp's Sons during the taxable year? The answer to this question depends on the interpretation of the following agreement: Made and entered into this 31 day of July 1931, by and between WILLIAM DELP, EDWARD *306 DELP, FRANK S. DELP, LOUISE C. MEARKLE and EFFIE M. FALK, Parties of the first part, and CHARLES DELP, party of the second part. WITNESSETH: WHEREAS, Charles Delp is one of the six living children of Anna E. Delp; and WHEREAS, Charles Delp was indebted to the Estate of Anna E. Delp during her lifetime in the sum of $32,582.39, together with interest from January 1st, 1925, as evidenced by a book account and partly by judgment notes given by Charles Delp to Anna E. Delp; and WHEREAS, Charles Delp is likewise indebted to the partnership of S. Delp's Sons (at and previous to June 3rd, 1931, consisting of Anna E. Delp, Edward Delp, William Delp, Frank S. Delp, Louise C. Mearkel and Effie M. Falk) in the sum of $17,324.41, together with interest to June 3rd, 1931 amounting to $7,563.66 as evidenced by a book account; and WHEREAS, Charles Delp had a number of years ago released and transferred his one-seventh interest in the firm of S. Delp's Sons and at the present time has no interest in the same; and WHEREAS, Anna E. Delp made no provision in her will for the said Charles Delp; and WHEREAS, it is the desire of all the parties hereto, all being brothers and sisters, that an arrangement *307 be made whereby Charles Delp will not be called upon to pay either of the indebtedness aforesaid and at the same time provision be made for him: NOW, THEREFORE, It is mutually understood and agreed by and between the parties hereto as follows: FIRST: The parties of the first part do hereby release Charles Delp from any and all indebtedness owing by him to the firm of S. Delp's Sons or to the Estate of Anna E. Delp. SECOND: The said Charles Delp, party of the second part hereto, for and in consideration of the aforesaid release, hereby agrees that Anna E. Delp, his mother, was of sound mind and disposing memory and that she was not unduly influenced in the execution of her will and he hereby confirms and ratifies the previous transfer and release of his interest in the firm of S. Delp's Sons. THIRD: The parties of the first part hereto hereby agree that there shall be paid to Charles Delp the income, only of a one-seventh interest in the firm of S. Delp's Sons pending such time as the Estate of Anna E. Delp shall have been delivered its one-seventh interest in said form and thereafter he shall receive the income, only, on a one-sixth interest in said partnership or firm of S. Delp's *308 Sons but only for so long as he shall live, it being the intention that at no time shall he be entitled to the principal or corpus of said one-sixth interest, or any part thereof and it being further understood and agreed that at his death the corpus shall be distributed to the parties of the first part hereto, or the issue of their bodies. FOURTH: It is understood and agreed between the parties hereto that the written release of indebtedness as aforesaid, given by them to Charles Delp by written agreement separate and apart from this written agreement. is given simultaneously with the execution of this agreement and is part of the same. IN WITNESS WHEREOF, the parties hereto have hereunto set their hands and seals the day and year first above written. [Signed by the six parties named.] The question so raised, whether the above agreement made Charles Delp a member of the partnership, is answered in the negative. The agreement, on its face, does not purport to be an agreement of partnership. It was an agreement for the settlement of accounts and disputes between the parties, i.e., the release of Charles Delp from his heavy indebtedness to the partnership and the estate of his mother; *309 an agreement by Charles Delp that his mother was of sound mind and not unduly influenced when she executed her will excluding him therefrom; an express ratification by Charles Delp of his previous release and transfer of his share in the firm; and financial provision for Charles Delp. The agreement is that Charles Delp shall be paid the income from a one-seventh interest (later a one-sixth interest), not a transfer to him of such interest, it being expressly agreed that he had no share in the corpus. Charles Delp contributed nothing to the capital of the partnership and we attribute little, if any, weight to the testimony purporting to show that he was consulted by the management and gave opinions as to real estate matters. Under the agreement Charles Delp did not agree to share in the losses. See . That the other members of the firm did not consider Charles Delp to be a partner is evidenced by the fact that they omitted his name from the list of partners in their 1938 partnership return. We find in the agreement none of the essential elements of a partnership. It was merely a family settlement. *310 The fact that the earnings of the partnership measured or determined the amount the partnership would pay to Charles Delp under the settlement agreement did not make him a partner. Decision will be entered for the respondent.